# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JASON HUTTON, | 1:07-CV-00154 LJO NEW (DLB) HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION |
| KERN COUNTY SHERIFF'S DEPARTMENT, | |
| Respondent. | |

Petitioner is a state prisoner proceeding with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented in this action by Paul L. Gabbert, Esq.

On January 17, 2007, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Central District of California. By order of the Court dated January 22, 2007, the case was transferred to the Eastern District and received in this Court. In his petition, Petitioner challenges a 1995 conviction in the Kern County Superior Court for engaging in sexual conduct with a child under the age of eleven.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is

not entitled to relief . . . ." Pursuant to 28 U.S.C. § 2254(a), the Court "shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis added.) Thus, unless Petitioner is "in custody," the Court is without jurisdiction to entertain the petition. See Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir.1998).  However, the scope of the writ of habeas corpus has been extended beyond that which the most literal reading of the statute might require to include individuals who, while not subject to immediate physical imprisonment, suffer substantial restraints not shared by the public generally. Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 510 (1982).

In this case, Petitioner has served his term of formal probation and has completed his sentence. He is not now under immediate physical restraint. However, Petitioner argues he is in custody within the meaning of § 2254(a) because he suffers "increasingly intrusive restraints by law enforcement as a result of his designation as a 'sexual offender,' pursuant to California Penal Code Section 290." See Petition at 2. According to Petitioner, these restraints include "the requirement that [Petitioner] personally appear at least annually at the local law enforcement agency where he is required to be fingerprinted, to disrobe and to be photographed in the nude." Id. He must also submit to these procedures in the event he changes residences, and he must "submit to unannounced, periodic questioning at his home by law enforcement officials to ensure that he resides at his listed address." Id. Nevertheless, the Ninth Circuit has held that registration under a sex registration statute does not constitute "custody" within the meaning of § 2254(a). Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir.1999) (California statute); McNab v. Kok, 170 F.3d 1246 (9th Cir.1999) (Oregon statute); Gregoire, 151 F.3d 1180 (Washington statute). In Henry, the Ninth Circuit found that annual registration under California law, including such requirements as an annual in-person registration at a police station with all of the attendant circumstances set forth by Petitioner, "does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the purposes of federal habeas corpus relief." Henry, 164 F.3d 1242, *citing generally*, Jones v. Cunningham, 371 U.S. 236, 242-

43 (1963). "Instead, the registration requirement is merely a collateral consequence of conviction that is 'not [itself] sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.' Henry, 164 F.3d 1242, *quoting* Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam).

Accordingly, the Court is without jurisdiction in this case, because Petitioner is not in custody for purposes of federal habeas relief. The petition should be dismissed.

**RECOMMENDATION**

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for lack of jurisdiction.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 19, 2007**           **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE