UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRANDON JASON HUTTON, | ) | 1:07-CV-00154 LJO NEW (DLB) HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #7] |
| v. | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| KERN COUNTY SHERIFF'S | ) | [Doc. #1] |
| DEPARTMENT, | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| Respondents. | ) | TO ENTER JUDGMENT |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented in this action by Paul L. Gabbert, Esq.

On April 20, 2007, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DISMISSED for lack of jurisdiction. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On May 10, 2007, Petitioner filed objections to the Findings and Recommendation. Petitioner argues that such ongoing restraints on and severe intrusions into personal liberty as requiring Petitioner to personally appear at least annually at the law enforcement agency where he is required to be fingerprinted, to disrobe and to be photographed in the nude satisfy the "custody" requirement

of § 2254(a). He claims these additional circumstances are substantially different from those addressed in Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir.1999); McNab v. Kok, 170 F.3d 1246 (9th Cir.1999) and Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir.1998).

Petitioner's arguments are not persuasive. In Henry, the Ninth Circuit addressed certain restrictions imposed by California law on convicted sex offenders. In particular, the Ninth Circuit found that in-person annual registration with a law enforcement authority, including providing address and background information, a photograph, and fingerprints, did not "constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the purposes of federal habeas corpus relief." Henry, 164 F.3d at 1242. Petitioner's additional requirement of being photographed in the nude does not render Petitioner "in custody" for purposes of § 2254(a). As stated by the Supreme Court in Jones v. Cunningham, "[i]t is not relevant that conditions and restrictions such as these may be desirable and important parts of the rehabilitative process; what matters is that they significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do." 371 U.S. 236, 242-43 (1963). The requirement that Petitioner show up, disrobe and be photographed does not significantly restrain his liberty. It is "merely a collateral consequence of conviction" as a sex offender. Henry, 164 F.3d at 1242.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued April 20, 2007, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DISMISSED; and

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   May 25, 2007**                    /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE